IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN MILLER, | |
| Plaintiff, | |
| v. | Case No. 22-cv-2120-MAB |
| MED TECH SARAH, MED TECH JENNIFER, DR. MEYERS, WEXFORD HEALTH SOURCES, INC., and JOHN DOE PHARMACIST, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Shawn Miller, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Miller alleges he was denied access to his diabetes medication in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford Health Sources, Inc.'s limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the entities and this Court.

1

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Miller makes the following allegations: Miller is diabetic and takes both Metformin and Glipizide to control his diabetes (Doc. 1, p. 6). On October 22, 2021, Miller ran out of his medication and checked daily with the pill line for his refills (*Id.*). On October 28, 2021, Miller alleges he started developing sores in his genital area due to his lack of medication. Also on that day, he spoke to Med Tech Lois and learned that the diabetic medication was on order (*Id.*). Lois indicated that she had some in stock and, although not Miller's personal prescription, she took some medication from the stock supply and gave to Miller. Lois provided Miller with one dose of Metformin and Glipizide, although he normally took two doses per day. Lois told Miller to check with the next pill line and inform the med tech that she got the pills from the stock supply.

At the next pill line, Miler informed Med Tech Sarah that he needed his medication, that there was some in the stock supply, and that Med Tech Lois had retrieved his first dose from the supply. Med Tech Sarah refused to provide Miller with his second dose of medication. She told him that it was the pharmacist's fault for failing to fill his medications (*Id.* at p. 7). Miller alleges that the John Doe pharmacist failed to ensure that Miller received his medications in a timely fashion (*Id.* at p. 9). As a result of missing his required doses, Miller developed painful sores (*Id.*).

On October 29, 2021, he asked Med Tech Jennifer at pill line for his medication and Jennifer told him that his prescription had not arrived yet. He informed Jennifer about Lois taking the meds from the stock supply and asked Jennifer to retrieve medications for him. She refused to give him any medications (*Id.*). Despite having medications in the stock supply, both Med Techs Jennifer and Sarah refused to provide Miller with his prescribed medications. The denial of medications caused his medical condition to worsen (*Id.* at p. 8). He developed additional sores, making urination painful (*Id.*).

Miller alleges that the delay in obtaining his medication was due to Wexford Health Sources, Inc.'s failure to have a doctor onsite to oversee medical care at Centralia. Although Miller continued to receive blood tests for his diabetes, there was no doctor onsite to read the labs and properly check his diabetes (*Id.* at p. 7). Miller alleges that the lack of an onsite doctor also delayed his access to his medication.

On November 1, 2021, Miller submitted a grievance about his diabetes medication (*Id.* at p. 70). On November 3, 2021, Miller was seen at sick call for the sores and lack of medication. Miller alleges that due to the sores being in his genital area, it hurt to urinate and he reduced his intake of water to limit the amount of times he needed to urinate (*Id.* at p. 8). Although Miller was seen by Dr. Meyers, Miller alleges that Dr. Meyers did not look at his medical chart or examine his sores (*Id.*). Instead, Dr. Meyers diagnosed him with an infection but did not prescribe any medication for the sores or infection (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Med Tech Sarah, Med Tech Jennifer, and John Doe Pharmacist for denying and delaying Miller's access to his diabetes medication.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Dr. Meyers for failing to treat his sores and obtain his diabetes medication.
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for having a policy and practice of not staffing Centralia with a doctor to ensure medications were timely ordered and Miller's diabetes was properly monitored.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Miller states viable claims for deliberate indifference against Med Tech Sarah, Med Tech Jennifer, John Doe Pharmacist, and Dr. Meyers in Counts 1 and 2. To state a claim for deliberate indifference, an inmate must put forward facts implicating both an objective and subjective element, namely that: (1) an objectively serious medical need was deprived, and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it. *See Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999)).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*See also Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Miller alleges that each defendant delayed his access to diabetes mediations. See *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (Delay in care can amount to deliberate indifference if the delay "exacerbated the injury or unnecessarily prolonged an inmate's pain.") (internal citations and quotations omitted). He also alleges that Dr. Myers refused to provide him any treatment for his sores. This is enough to survive Section 1915A review.

He also states a viable claim against Wexford Health Sources, Inc. To state a claim against Wexford, Miller must point to an "(1) an express [corporate] policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority" who caused the deprivation. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). Miller alleges that Wexford had a practice of not staffing Centralia with a medical doctor to ensure inmates received proper, timely care and access to medications. Thus, Miller states a viable claim against Wexford at this stage.

## Disposition

For the reasons stated above, Count 1 shall proceed against Med Tech Sarah, Med Tech Jennifer, and John Doe Pharmacist. Count 2 shall proceed against Dr. Meyers and Count 3 shall proceed against Wexford Health Sources, Inc.

The Clerk of Court shall prepare for Defendants Med Tech Sarah, Med Tech Jennifer, Dr. Meyers, and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and

5

this Memorandum and Order to the defendants' place of employment as identified by Miller. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. As such, Miller's motion for service of process (Doc. 3) is **DENIED as moot**. **Once Wexford Health Sources, Inc. has been served and files an Answer the Court will enter an Order providing further instructions for identifying unknown defendants, including John Doe Pharmacist.**

If a defendant can no longer be found at the work address provided by Miller, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Miller, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless

of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Miller is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/29/2023**

                                  **/s/ Mark A. Beatty**
                                  **MARK A. BEATTY**
                                  **United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**